IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| David Allan Coe, ) | |
| ) | Case No. 05-52881-13 |
| ) | |
| Debtor. ) | |
| ) | |

**ORDER AND OPINION**

This matter came on for hearing on May 30, 2007 upon the Debtor's motion for extension of time to file a notice of appeal of the order granting Vanderbilt Mortgage and Finance, Inc. relief from the automatic stay. Vanderbilt Mortgage and Finance, Inc. filed an objection to the Debtor's motion on May 29, 2007. The Debtor did not appear at the hearing; Kathryn Bringle appeared as the Standing Chapter 13 Trustee.

The Debtor, David Allan Coe, (the "Debtor") filed a voluntary Chapter 13 petition on September 9, 2005. On March 22, 2007, Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") filed a motion for relief from stay so that it could seek state court remedies for debt owed to Vanderbilt secured by a 1998 Clayton White Pine Mobile Home. On May 3, 2007, this court entered an order (the "Order") granting Vanderbilt's motion for relief from stay. The Order was served upon the Debtor by the Bankruptcy Noticing Center via first class mail sent to David Allan Coe at P.O. Box 1102, Toast, N.C. 27029-1102, which is the Debtor's address of record.

On May 17, 2007, fourteen days after the entry of the Order, the Debtor filed a motion for extension of time to file a notice of appeal of the Order. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a "notice of appeal shall be filed with the clerk within 10

days of the date of the entry of the judgment, order, or decree appealed from." Further, 8002(c)(2) provides that a "request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."

Although the Debtor, who is proceeding *pro se*, did not file his notice of appeal within the 10-day period set forth in 8002(a), he did file a motion for extension of time within the 20-day period of 8002(c)(2), which would have allowed this court to grant his motion for an extension of time only if the Debtor could show that his failure to timely request an extension of time was the result of excusable neglect. In order to preserve any right of appeal that the Debtor may have had, this court served an order and notice of hearing stating that the Debtor had to be present for a hearing at the U.S. Bankruptcy Court in Winston-Salem on Wednesday, May 30 (the "Hearing") to present any evidence of excusable neglect. In addition to the standard notice by the Bankruptcy Noticing Center, Janice Leonard, a Case Administrator for the U.S. Bankruptcy Court, testified that she personally provided the Debtor with telephonic notice of the Hearing. Ms. Leonard testified that she left two messages at the Debtor's phone number of record on May 24 and May 25, and the Debtor returned the phone calls on May 29, indicating that he received timely notice of the Hearing. However, the Debtor failed to appear at the Hearing.

In order to make a finding that the Debtor's failure to timely file his notice of appeal was a result of excusable neglect, this court would need considerable evidence from the Debtor. The test for excusable neglect is an equitable one, taking into account all of the relevant circumstances surrounding the Debtor's omission, including: 1) the danger of prejudice to the

Debtor or Vanderbilt; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the Debtor; and 4) whether the Debtor acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993). Because the Debtor did not appear at the Hearing, this court has not been presented with any evidence to indicate that there was excusable neglect sufficient to extend the time period to file a notice of appeal. Absent any evidence of excusable neglect, this court has no other option than to find that the Debtor's notice of appeal, filed fourteen days after entry of the Order, was not timely, and the Debtor's motion to extend the time to file a notice of appeal is therefore DENIED.

    IT IS SO ORDERED.

## SERVICE LIST

David Allan Coe
P. O. Box 1102
Toast, NC 27049

Bryan W. Stone
316 East Worthington Ave.
Charlotte, NC 28203

Kathryn L. Bringle
P. O. Box 2115
Winston-Salem, NC 27102